UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

IN RE:    KINSINGER, ERVIN JAY    )    CHAPTER 7
          )    CASE NO. 10-50629
          Debtor    )

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that a hearing on the attached Motion will be heard by the United States Bankruptcy Court for the Western District of Virginia, Harrisonburg Division, on **March 6, 2013 at 11:00 a.m.**, or as soon thereafter as practical. The hearing will occur in the U.S. Bankruptcy Court, 116 North Main Street, Main Courtroom, Harrisonburg, Virginia.

Any party having any questions concerning this matter, should contact the undersigned Trustee during normal business hours.

You must be present to be heard.

Respectfully,

_____
Charles R. Allen, Jr., Trustee for Ervin Jay Kinsinger

Charles R. Allen, Jr.
*Attorney at Law*
120 Church Avenue, S.W.
Roanoke, Virginia 24011
540-342-1731
*Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Motion was mailed and/or electronically transmitted to the debtor, debtor's counsel and the U.S. Trustee, this 28th day of January, 2013.

_____
Charles R. Allen, Jr., Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

IN RE:    KINSINGER, ERVIN JAY    )    CHAPTER 7
          )    CASE NO. 10-50629
          Debtor    )

## MOTION

**COMES NOW** the Trustee for his motion and states as follows:

1. The debtor's estate included an 11 acre unimproved tract in Bedford County, Virginia. The case was initially administered as an asset case.

2. The realty was encumbered by several judgment liens.

3. The Trustee had a realtor inspect the realty, and the Trustee had personally inspected the realty. Because of the judgment liens, location of the realty and access to it, the Trustee abandoned the realty pursuant to an abandonment notice filed with the Court on September 21, 2012.

4. A judgment lien creditor subsequently advised the Trustee that prior to the abandonment, the debtor had conveyed the realty to his corporation, Kinsinger Contracting, Inc., and which in turn conveyed it to Willis and Salina Miller for $25,000.00. The Trustee certified this by court records.

5. At the time of these conveyances, the judgment lien creditors were stayed from enforcing their liens on the subject realty. To the best of Trustee's knowledge and belief, the judgment liens remain unsatisfied.

**WHEREFORE**, the Trustee asks the debtor to account for the $25,000.00 and to provide that those funds to be available for judgment lien creditors, and that the Court grant such other relief as the Court may deem appropriate.

Respectfully,

_____
Charles R. Allen, Jr., Trustee for Ervin Jay Kinsinger

Charles R. Allen, Jr.
*Attorney at Law*
120 Church Avenue, S.W.
Roanoke, Virginia 24011
540-342-1731
*Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion was mailed and/or electronically transmitted to the debtor, debtor's counsel and the U.S. Trustee, this 28th day of January, 2013.

_____
Charles R. Allen, Jr., Trustee